**Opinion filed January 20, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00089-CR
_____

### RANDY MIGUEL WILSON, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court No. 5**

**Tarrant County, Texas**

**Trial Court Cause No. 1129731**

## M E M O R A N D U M   O P I N I O N

The jury convicted Randy Miguel Wilson of assaulting a family or household member, and the trial court assessed his punishment at 365 days in jail and a fine of $200.  The trial court also suspended the confinement portion of Wilson's sentence and placed him on community supervision for twenty-four months.  We affirm.

### I. *Background Facts*

Wilson and Nichole Kirchoffner had been in a relationship for five years and had a son together.  Kirchoffner testified that, at the time of the assault, the three were living in an apartment in Bedford.  On the morning of September 20, 2008, Kirchoffner started taking a

shower to get ready for work. She and Wilson had been arguing since the night before. Wilson was drinking beer. He pulled the shower curtain down. Kirchoffner continued to get ready for work and was brushing her hair in front of a mirror when Wilson punched her in the eye. The two struggled, and Wilson started to choke Kirchoffner. Eventually, Kirchoffner was able to push Wilson off and flee the apartment. She then called police.

Officer William Burto of the Bedford Police Department arrived and spoke with Kirchoffner. She was upset and claimed that Wilson had assaulted her. Officer Burto testified that Kirchoffner had scratches around her neck and redness in her eye. Her hair was still wet. Officer Burto found Wilson and their son by the swimming pool. Officer Burto testified that Wilson was evasive and that his breath smelled of alcohol. Wilson had scratches on his head, which Officer Burto believed were consistent with defensive wounds from Kirchoffner trying to get away. Officer Burto arrested Wilson. After being handcuffed, Wilson told Officer Burto that Kirchoffner was the one who had assaulted him, that she was bigger than he, and that it was impossible for him to have assaulted her. Officer Burto testified that Wilson's story was inconsistent with what he observed.

Previously, Kirchoffner had assaulted Wilson and had been placed in the Domestic Violence Diversion Program of the Tarrant County Community Supervision Corrections Department. This allows individuals arrested for assaulting a family member to have their case dismissed if they successfully complete the program's conditions. For Kirchoffner, one condition was that she not have harmful or injurious contact with Wilson. Jennifer Staples was Kirchoffner's case manager. Staples saw Kirchoffner on September 25, 2008. Kirchoffner was distraught. She had bruising around one eye, on both arms, and her neck. Kirchoffner told Staples what happened. The record does not describe Staples's investigation, but she ultimately concluded that Kirchoffner had not violated the program's conditions during the September incident.

Wilson testified that Kirchoffner was not living at the apartment at the time of the assault. He claimed that, on the morning of September 20, she called him and said that she was coming to pick up their son. She arrived at the apartment door and began screaming. Wilson testified that she kicked in the door and pushed him back. She smashed his cell phone against the fireplace so that he could not call police. Wilson grabbed their son, and Kirchoffner tried to take him from Wilson's hands. They hit each other. Wilson left the apartment with their son and

2

waited by the pool until police arrived. He testified that he had not been drinking alcohol that morning and claimed that he had acted in self-defense.

## II. *Issues*

In two issues, Wilson argues that the State's jury argument improperly commented on whether Staples and police officers believed that Wilson acted in self-defense.

## III. *Analysis*

Permissible jury argument generally falls into one of four areas: (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Berry v. State*, 233 S.W.3d 847, 859 (Tex. Crim. App. 2007). If a jury argument exceeds the bounds of proper argument, a trial court's erroneous overruling of a defendant's objection is not reversible error unless it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000). To determine whether Wilson's substantial rights were affected, we consider (1) the severity of the misconduct, (2) any curative measures, and (3) the certainty of conviction absent the misconduct. *Martinez*, 17 S.W.3d at 692-93.

Wilson challenges the following argument:

> [PROSECUTOR]: And by the way the probation officer also testified that one of the conditions of this program, this diversion program that [Kirchoffner] was on, was that she was to have no harmful or injurious -- which would include anything violent or threatening or anything -- she's to have no harmful or injurious contact with this defendant. And after learning what happened on that night and thinking about what happened she told you that [Kirchoffner] was not in any way found to have violated that, okay? [Staples] did not believe this was self-defense.

> [DEFENSE COUNSEL]: Object to what [Staples] believed, Your Honor. That's not evidence.

> THE COURT: Overruled. Jury will recall the testimony as they heard it.

> [PROSECUTOR]: The officers didn't think that was self-defense and you shouldn't --

> [DEFENSE COUNSEL]: Object to what the officers think, Your Honor. They have no personal knowledge, speculation.

> THE COURT: Overruled. Jury caught the evidence as they heard it.

Both of the statements to which Wilson objected fall within the scope of permissible jury argument. The statement that Staples did not believe that Kirchoffner was the aggressor or that Wilson acted in self-defense is a reasonable deduction from Staples's conclusion that Kirchoffner did not violate the Domestic Violence Diversion Program's condition that she avoid harmful or injurious contact with Wilson. Likewise, the statement that police officers did not believe Wilson's self-defense claim was a summation of Officer Burto's testimony, in which he stated that he did not think Wilson's story was consistent with what he observed the morning of the assault. The trial court, therefore, did not err by overruling Wilson's objections. Accordingly, we overrule both of Wilson's issues.

IV. <em>Conclusion</em>

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


January 20, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.